IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

**DEFERRED CASES.—EASTERN DISTRICT.**
## NEW-ORLEANS, JUNE, 1834.

### DEPASSAU vs. WINTER ET ALS.

#### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a possessory action the parties are precluded from going into an inquiry of titles; and the defendant will not even be permitted to show that the disputed premises is a public place or port, destined to public use.

When the evidence shows that the *locus in quo* does not cover the high road, a street, levee or tow-path, and is consequently subject to private ownership, whether the plaintiff be the real owner or not; or whether the premises in dispute be public or appropriated absolutely to public uses? are questions not permitted by law in possessory actions.

The plaintiff instituted his possessory action against the defendants on the 15th July, 1833, and alleges that he has been in the peaceable possession of a lot of ground situated in the Nuns faubourg, now within the limits of the city of Lafayette, lying between the public road and the river Mississippi, and in the actual occupation and possession of

1

his tenants. That on that day Joshua Winter, under pretence of authority from the president and board of council of the city of Lafayette, forcibly and illegally entered upon and took possession of said lot, and drove off his tenants. He prays that Winter be condemned to restore possession of the disputed premises, pay him three hundred and fifty dollars in damages, and that he be enjoined from acting any further in the premises.

An injunction was granted as prayed for. On the 29th July the plaintiff filed his supplemental petition, alleging that Winter, styling himself harbor-master, has, since the granting of the injunction, ordered his tenants to remove from the ground in question, and threatens force in case of refusal. He prays that Winter and the president and council of the city of Lafayette be restrained and ordered to desist from all manner of disturbance, except as relates to so much ground as is required for banquettes or a levee, and subject to public use.

The president and city council of Lafayette answered and averred that the public street or road in front of the plaintiff's lot, according to the original plan established by the nuns, is sixty feet, French measure, in width, and that the levee extends in width from the street to the river, and that the possession and use of said street and levee has always been in the public; which, by the act of incorporation, is given in charge to the president and council of the city of Lafayette, for the use of the public.

The defendants allege, they have been obstructed and forcibly opposed by the plaintiff and his tenants in re-establishing the lines of said street and levee, in making banquettes and gutters; and that the plaintiff and his agents have constantly, for three months past, incumbered the street and levee and bank of the river with wood and lumber, so as to obstruct and prevent the landing and shipment of articles of commerce in front of said property. They pray judgment in re-convention for damages, and that the plaintiff be perpetually enjoined from interfering or opposing their possession and use of the disputed premises.

*Winter* pleaded a general denial, and denied specially having trespassed on the plaintiff's property; and declared that he was duly appointed harbor-master of the city of Lafayette, in which capacity he done the acts complained of, &c.

The evidence for plaintiff established, that he had for several years past, say ten or twelve years, leased out the ground in question to various tenants; that the tenants possessed and occupied from the street to the margin of the river bank; that plaintiff maintained and repaired the street and levee. The ground, of which plaintiff claimed to be in possession, was not in any manner inclosed, but used as a lumber-yard.

Turner testifies, that there is a space of one hundred and twenty-eight feet from the north or swamp side of Tchoupitoulas-street to the water's edge at high water, and according to his calculation and views, deducting forty feet for landing and sixty-four feet for street, there would be a space of twenty-four feet in width and about two hundred in length, which will remain to plaintiff.

According to the testimony of the surveyors, Pilié and Buisson, in connection with the plan on which the Nuns faubourg was laid out, the "*highway*," now a continuation of Tchoupitoulas-street, is laid down so as to join with the levee, and the admeasurements taken on the scale of that plan would leave for levee and landing all the ground between the street and high water-mark. The inference would be that the ground, of which plaintiff alleges himself to be in possession, would be ground dedicated to public purposes so far as the use is concerned; the plaintiff would be entitled to the right of property according to a deed of a front lot, which was also offered in evidence, by which it appears they were expressly constituted proprietors of the river. The introduction of this plan and deed were opposed by plaintiff, on the ground that he had brought a possessory action, and that the only points of inquiry were his possession, and if that possession had been disturbed.

The court admitted the evidence on general principles of law, and the authority in the case of *Allard et als.* vs. *Lobau.* 3 *Martin, N. S.* 293.

The district judge was also of opinion that the plea of the plaintiff, based on one year's prescriptive peaceable possession, could not be sustained against the *right of use of a public place.* The possessory action is only admissible when the possession is of a nature to acquire by prescription the right in which the plaintiff seeks to be maintained. *Paillet on art. 23 of Code of Procedure.*

On the merits the court was with the defendants. It appears, says the court, that there cannot be any of the common and usual modes of employing the ground between the high-way and the water's edge in a country like Louisiana, for such employment *of it would* deprive the public of a use to which they are entitled. If such ground were to be inclosed and used for pasture, &c., there could not be such ready means of embarkation and debarkation, as if no such obstructions existed, nor so convenient a tow-path. The banks of rivers in other countries usually present such obstacles from rocks and other obstructions, and the road must usually be carried along them at such a distance from the river, that there is a necessity for special landing places and the banks elsewhere may be inclosed. On the Mississippi it is equally convenient to embark at one place or another; it is one continued plain; its banks are a village, and the river itself a canal. If these observations have any weight with regard to the country, their force is much greater applied to a city and its faubourgs; and but for the rare exception of the case lately decided as to New-Orleans, I should be disposed to lay it down as a universal rule, that there cannot exist any such private use of ground between the highway and the water as will interfere with the public use and rights over such ground. I concur with the surveyors in their opinion derived from the plan, and this view of the matter is fortified by a personal inspection of the premises in presence of the parties referred to, that there is no land between the highway or Tchoupi-

toulas street continued, and the water's edge susceptible of being applied to the ordinary uses of private property; that the use of the ground in question is in the public, and that the acts of the plaintiff in claiming and exercising ownership and the uses he has put it to, are not warranted by any rights of property in him over the premises in question.

There was judgment dissolving the plaintiff's injunction, and putting the city council of Lafayette in charge and possession of the street, levee and banks of the river in front of plaintiff's property, and ordering him to remove all obstructions and the incumbrances he had placed on the disputed premises. He appealed.

This case was argued by Mr. *Strawbridge,* for the plaintiff; and by Mr. *Preston,* for the defendants.

*Mathews, J.* delivered the opinion of the court.

This is a possessory action, in which the plaintiff alleges that he is, and has been for more than one year previous to the commencement of the present suit, in peaceable possession of a lot of ground, situated in the Nuns faubourg, formerly so called, now the city of Lafayette, &c.; and that he has been disturbed in his possession by acts of the defendants. He prays that they may be enjoined from further disturbance and for damages. Judgment was rendered in the court below for the defendants, from which the plaintiff appealed.

The disturbance took place by directions of the constituted authorities of the city of Lafayette, who claim the use of the land in dispute for public purposes. It is a slip of about twenty-five feet wide and two hundred and fifty long, and is shown by the evidence to be between the highway or street in front of the city aforesaid, and the levee, and directly in front of plaintiff's lot, &c. The record affords proof that he had been in peaceable possession of these premises, for the space of ten or twelve years previous to the disturbance now complained of.

EASTERN DIST.
June, 1834.

DEPASSAU
vs.
WINTER ET ALS.

In a possessory action, the parties are precluded from going into an inquiry of titles; and the defendant will not even be permitted to show that the disputed premises is a public place or port, destined to public use.

When the evidence shows that the *locus in quo* does not cover the high road, a street, levee or tow-path, and is consequently subject to private ownership; whether the plaintiff be the real owner or not; or whether the premises in dispute be public or appropriated absolutely to public uses? are questions not permitted by law in possessory actions.

The court below went into a long investigation of titles under which the respective parties claim both in relation to property and right of use on the part of the defendants, and finally concluded that the lot in dispute was destined for public use, and could not be legally possessed by any individual of the community. We are of opinion that there is error in the proceedings below, by going into an inquiry of titles in the present action: it is simply possessory. The testimony shows, that the *locus in quo* is not a part of the high road or street; neither does it cover the levee or tow-path; consequently it may be the subject of private ownership, and whether the plaintiff be the real owner or not, whether the place in dispute be public or appropriated absolutely to the use of the public? These questions depend on an investigation of titles, which would cause a delay in the administration of justice not permitted by law in a possessory action. See the *Code of Practice, art. 47 to 49, and from 53 to 58 inclusive.*

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the plaintiff be quieted in his possession of the lot of ground in dispute; and that the defendants be enjoined from disturbing him in his possession by digging up the earth, planting posts, or in any other manner; reserving to them the right (if any they have) to bring a petitory action or to institute any other legal process for the purpose of establishing the rights by them claimed in favor of the city of Lafayette, or of the public in general. The defendants and appellees are condemned to pay costs in both courts.